UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOE PICENO,<br><br>       Petitioner,<br><br>vs.<br><br>LE GRAND, *et al.,*<br><br>       Respondents. | 3:11-cv-00588-RCJ-WGC<br><br>**ORDER** |

      This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*.

**I.**  **Introduction**

      On initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court *sua sponte* raised the question of whether the petition is time-barred for failure to file it within the one-year limitation period in 28 U.S.C. § 2244(d)(1). *See Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Petitioner was directed to respond to demonstrate that his petition was not untimely. ECF No. 6. His response is discussed herein.

## II.     Legal Standard

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

For convictions that were final before the passage of the AEDPA, the one-year limitation period began to run on April 24, 1996, and expired one year later. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

In addition to the statutory tolling provided in 28 U.S.C.§ 2244 (d)(2), the AEDPA limitations period is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)*; see Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other*

grounds, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288.

*Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001) contains a clear statement of the basic law governing equitable tolling of the AEDPA statute of limitations:

> As we have previously held, "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Calderon v. United States Dist. Court (Kelly)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States Dist. Court*, 163 F.3d 530 (9th Cir. 1998) (en banc) (petitioner entitled to equitable tolling where petitioner's counsel withdrew and left replacement counsel with unusable work product that made timely filing impossible); *Kelly*, 163 F.3d at 541-42 (petitioner entitled to equitable tolling because the district court ordered a stay preventing petitioner's counsel from filing a timely habeas petition and because petitioner was allegedly mentally incompetent).

*Tillema*, 253 F.3d at 504; *see also Holland,* 130 S.Ct. at 2562-63.

**III.    Discussion**

As the Court outlined in its previous order, the Nevada Supreme Court affirmed petitioner's conviction on direct appeal on August 8, 2000. However, petitioner did not dispatch his instant petition to this Court until August 3, 2011, after his second round of state post-conviction proceedings were dismissed as time-barred and successive. Exhibit to Petition, (ECF p. 69-73) Order of Affirmance. Petitioner has responded to the Court's Order to Show Cause (ECF No. 8) arguing that he is entitled to equitable tolling of the limitations period on three grounds: (1) he does not speak or write English, (2) he could not discover the claims he wishes to present until 2010; and (3) retained counsel on post-conviction review did not advise him of his further review opportunities.

Specifically, petitioner argues that his lack of understanding of the English language made it impossible for him to pursue his claims because he did not understand the legal processes and needed the assistance of someone with a "deep understanding" of the legal issues presented. He contends that he "could not have discovered through his efforts those issues [e.g., the lack of a constitutionally

Case 3:11-cv-00588-RCJ-WGC   Document 9   Filed 03/12/13   Page 4 of 8

required enactment clause in the criminal statutes under which petitioner was convicted, the erroneous construction of the deadly weapon enhancement statute, and the fact that Nevada's criminal statutes are void for vagueness when applied in conjunction with a deadly weapon enhancement] unless a 2nd Party with deep understanding of the law brought it up to Piceno's attention." Response (ECF No. 8), p. 5. According to petitioner, inmate Ricky Lewis, is such an individual and first made petitioner aware of these claims in March of 2010. *Id.*

Petitioner finally argues that his retained post-conviction counsel failed to advise him of his post-conviction appeal and federal habeas corpus rights before he withdrew because petitioner's brother passed away and the attorney was not paid for his services. Petitioner contends that this circumstance is an external impediment beyond his control which should excuse the petition's belated filing.

The Ninth Circuit Court of Appeals has made clear that equitable tolling is unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda*, 292 F.3d at 1066 (quoting *Calderon v. United Stated Dist. Court (Beeler)*, 1289 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998)(*en banc*)(emphasis in original). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda*, 292 F.3d at 1066 (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.), *cert. denied*, 531 U.S. 878 (2000)).

The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court made clear that the "exercise of a court's equity powers . . . must be made on a case-by-case basis," while emphasizing "the need for flexibility" and "avoiding [the application of] mechanical rules." *Holland*, 130 S.Ct. at 2563 (internal quotations and citations omitted). In making a determination on equitable tolling, courts must "exercise judgment in light of

prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130 S.Ct. at 2563.

    A.    <u>Language Barrier</u>

Petitioner offers his own affidavit and an affidavit from Ricky Lewis, the individual who has apparently been assisting him in these proceedings, to support his equitable tolling arguments. *See* Exhibits to Response.

In his affidavit, petitioner avers that he entered the United States in 1994 and "at that time" he did not know how to speak or write English" *Id.* He continues that during his criminal proceedings, including his appeal and habeas corpus proceedings, he did not "know English, nor understood the process of law or appeal." *Id.* However, this affidavit does not demonstrate what knowledge of the English language or the law he may have gained in the eight years between when his state court proceedings ended in 2002 and the time he met up with Mr. Lewis and "discovered" his instant claims for relief in 2010.

Under *Mendoza v. Carey*, 449 F.3d 1065 (9th Cir.2006), "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." 449 F.3d at 1170. Petitioner offers no evidence suggesting that he tried but could not obtain legal information in his own language or that there was no one who could have assisted him during that time period.

In his affidavit, Mr. Lewis attests that he "believes" that petitioner does not "understand the law nor process" and would be "unable to comply with the process" without help. This affidavit does nothing to demonstrate that petitioner's purported language barrier is the cause of his inability to understand the law or legal processes. Ignorance of the law or its processes, by itself, does not make petitioner eligible for equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.2006)(a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling); *see also Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir. 2004); *United State v. Sosa,* 364

1  F.3d 507, 512 (4th Cir. 2004); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner is not
2  entitled to equitable tolling on the basis of his purported language barrier as he has not demonstrated that
3  he was diligent in his efforts to overcome the language barrier by seeking assistance or materials in his
4  native language any time between 2002 and 2010.

        B.    Newly "Discovered" Claims

6        Petitioner's second argument is that he only became aware of the claims he raises in the instant
7  petition when his inmate legal advisor, Ricky Lewis, told him of them sometime in March of 2010.
8  Under 28 U.S.C. §2244(d)(1)(C), the statute of limitations begins on "the date on which the
9  constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly
10 recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The
11 claims raised in the instant petition are not "newly recognized" by the United States Supreme Court, but
12 are esoteric legal arguments that have not, apparently, gained any traction in the state courts, let alone
13 the federal courts. *See* Exhibit to Response, Order of Affirmance entered July 13, 2011. The claims
14 raised in the petition, along with the arguments used to support the desired conclusion rely almost
15 exclusively on state law decisions. *See generally,* Petition (ECF No. 7). Unless an issue of federal
16 constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under
17 federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A state law issue cannot be mutated
18 into one of federal constitutional law merely by invoking the specter of a due process violation.
19 *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), *cert. denied*, 522 U.S. 881 (1997). Thus, 28
20 U.S.C. § 2244(d)(1)(C) offers petitioner no relief.

21       28 U.S.C. 2244(d)(1)(D) provide a limitations period start based on "the date on which the
22 factual predicate of the claim or claims presented could have been discovered through the exercise of
23 due diligence." This provision does not help petitioner, either, because he, was or should have been,
24 aware of the statutory provisions under which he was charged, convicted and sentenced at the time of
25 his conviction. Thus, the "factual predicate" upon which his claims are based was known to him in
26 1997, when the judgment of conviction was entered.

C.   Diligence and Ineffective Assistance of Counsel

Petitioner lastly contends that his post-conviction counsel is at fault for his delay, presenting an impediment that is external to the defense because counsel failed to inform petitioner, after the state district court denied his petition in 2002, that he could pursue an appeal of his post-conviction petition and then bring his claims to this court for review. He argues that counsel should have advised him of his appeal rights and federal remedies before he withdrew in 2002. When petitioner's brother died and his widowed sister-in-law did not continue to pay counsel's fees, counsel withdrew.[1]

In order for counsel's misconduct to constitute an extraordinary circumstance entitling petitioner to tolling, it must be "sufficiently egregious." *Spitsyn v. Moore*, 345 F.3d 796, 798, 800 (9th Cir.2003). This generally excludes situations in which post-conviction counsel has been careless or negligent as described here. While recent United States Supreme Court case law finds a narrow exception for procedurally defaulted claims of ineffective assistance of trial counsel, *see Martinez v. Ryan,* 132 S.Ct 1309 (2012), generally, there is no right to counsel on collateral review. Thus, ordinary negligence by counsel, such as petitioner advances here, will not qualify for equitable tolling. *See Miranda,* 292 F.3d 1063; *Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir. 2001) (counsel's miscalculation of filing deadline not a basis for equitable tolling).

Petitioner has also failed to demonstrate that he was diligently pursuing his post-conviction or federal remedies between 2002 and 2010. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (2010) (quoting *Pace*, 544 U.S. at 418, 125 S.Ct. 1807). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.' " *Id*. at 2565. Petitioner has offered nothing to suggest that he diligently pursued his claims or remedies once he was no longer represented by counsel. The facts and circumstances related to counsel's performance are not sufficiently egregious as to warrant

---

[1] If the intended external impediment beyond petitioner's control was the death of his brother and the subsequent loss of counsel, the analysis remains the same.

7

tolling of the statute of limitations.

**IV.	Conclusion**

The petition is untimely filed and will be dismissed with prejudice.  Should petitioner wish to appeal this decision, he must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition (ECF No. 7) is **DISMISSED WITH PREJUDICE** as untimely.  No certificate of appealability shall issue.

The Clerk shall enter judgment accordingly.

Dated this 11th day of March, 2013.

_____
UNITED STATES DISTRICT JUDGE